■ BIMAL VOHRA, Appellant, v PRASAD REALTY CORP. et al., Respondents.—In an action, *inter alia,* for a judgment declaring that the purported "Freeze-out" and termination of Sham S. Vohra as Secretary/Treasurer and as a director of the defendant corporation is null and void and for injunctive relief, the plaintiff appeals from so much of an order of the Supreme Court, Queens County (Di Tucci, J.), dated September 22, 1989, as denied that branch of her cross motion which was for partial summary judgment declaring that the estate of Sham S. Vohra is the owner of 25% of the outstanding shares of the defendant corporation.

Ordered that the order is affirmed insofar as appealed from, with costs.

By subscription agreement dated October 28, 1986, between Gupteshwar Prasad and Sham S. Vohra (hereinafter Vohra), it was agreed that Vohra would purchase 25% of the shares of a corporation yet to be formed. Prasad Realty Corporation was created in December 1986 and, on April 2, 1987, a stock certificate representing 25 shares was issued to Vohra. The subscription agreement failed to state a price for these shares, but a written memorandum dated July 24, 1988, stated a purchase price of $500,000. It is undisputed that the full purchase price for Vohra's shares has not yet been tendered and that Gupteshwar Prasad was terminally ill when he executed the July 24, 1988, memorandum.

Business Corporation Law § 504 prohibits an initial issuance of stock in a new corporation until the full purchase price is paid to the corporation. In this case, the initial stock issuance, which occurred shortly before the transfer in dispute, took place when the first certificate was issued to Gupteshwar, constituting all of the shares then outstanding. That certificate was subsequently surrendered and the corporation there-

after reissued 100 shares, 25% of which were transferred to Vohra. This transfer represented a partial reissuance of the stock already issued to Gupteshwar. Thus, the reliance of the court on Business Corporation Law § 504 in denying summary judgment was misplaced. Nevertheless, the record does reveal several factual issues which preclude the granting of summary judgment to the plaintiff as executrix of the estate of Vohra. Questions are presented as to the validity of the agreement establishing a price for the disputed shares, whether there was overreaching in view of Gupteshwar's deteriorating physical condition, and whether the requirements of the Statute of Frauds were met. Accordingly, the order is affirmed insofar as appealed from. Bracken, J. P., Kunzeman, O'Brien and Ritter, JJ., concur.